IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUAN ANTONIO MAYA TORRES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:25-cv-1891 (LMB/LRV) |
| ) | |
| JEFFREY CRAWFORD, et al., ) | |
| ) | |
| Respondents. ) | |

ORDER

Petitioner Juan Antonio Maya Torres ("Maya Torres"), an alleged native and citizen of Mexico, has filed a four-count Amended Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since October 27, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I); due process under the Accardi doctrine (Count II); his due process rights (Count III); and his Eighth Amendment right to protection from cruel and unusual punishment (Count IV).

Maya Torres is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Maya Torres has also sued Matthew Elliston, the Deputy Assistant Director for Field Operations, Eastern Division, for Enforcement and Removal Operations within ICE; Kristi Noem, the DHS Secretary; and Pamela Bondi, the Attorney General (collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds that Maya

Torres is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted as to Count III, and respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to his Petition, Maya Torres has resided in the United States for over twenty years, and lives in Riverdale, Maryland, with his wife and three U.S. citizen children. [Dkt. No. 3] at ¶¶ 41, 46. See also [Dkt. No. 7] at 2. He has "no criminal history in the United States" and has "deep familial ties to this country," including his mother and brother who also reside in the United States. [Dkt. No. 3] at ¶¶ 42, 46. His brother is a U.S. citizen serving in the United States Air Force. Id. at ¶ 46. Furthermore, he is a "devout member" of the Seventh-Day Adventist Church in Riverdale, Maryland, where he serves as an evangelism director, deacon, and elder. [Dkt. No. 7] at 2, Exh. 5. Maya Torres has also maintained steady employment at a local moving company for fifteen years. Id. at 2, Exh. 7. Maya Torres is eligible for cancellation of removal for certain non-permanent residents, pursuant to Form EOIR-42B. [Dkt. No. 3] at ¶ 46.

On or about October 26, 2025, Maya Torres was arrested by ICE agents during a traffic stop as he was driving to his place of employment.[2] [Dkt. No. 3] at ¶ 43. See also [Dkt. No. 9-1] at ¶ 6. Maya Torres was subsequently detained and placed into immigration custody at Riverside Regional Jail in Prince George County, Virginia, before being transferred to the Farmville Detention Center. [Dkt. No. 3] at ¶¶ 43-44. On October 26, 2025, he was issued a Notice to

---

[1] Because the Court is granting relief on due process grounds, it need not address Maya Torres' arguments based on the INA, the Accardi doctrine, and the Eighth Amendment.

[2] The Court notes a factual discrepancy between petitioner's pleadings and the federal respondents' opposition: petitioner alleges that he was arrested by ICE on October 27, 2025, whereas federal respondents allege that he was arrested by ICE on October 26, 2025. The difference is not significant.

Appear ("NTA"),[3] which charged him with being inadmissible to the United States—and therefore subject to removal—pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). [Dkt. No. 9-1] at ¶ 7. An initial master calendar hearing before an immigration court is scheduled for April 30, 2026. Id. at ¶ 8. Since he was detained, ICE has not set bond, and Maya Torres has not been scheduled for a bond hearing before an Immigration Judge. See [Dkt. No. 3] at ¶ 48.

The Amended Petition for Writ of Habeas Corpus was filed on October 29, 2025.[4] [Dkt. No. 3]. This Court subsequently entered an Order requiring that Maya Torres not "be removed or transferred from this district for any reason without this Court's permission." [Dkt. No. 5]. On November 3, 2025, Maya Torres filed a Proposed Release Plan, which shows a fixed home address in Riverdale, Maryland, where he will reside if released. See [Dkt. No. 7]. Included in the Proposed Release Plan are multiple letters of support from members of Maya Torres' professional and social circles, vouching for his good moral character and high regard in his community. [Dkt. No. 7] at 2. Among these letters of support is one from Maya Torres' landlord, who states that she has known him and his family since 2017, when she purchased the house he was renting at the time, and that Maya Torres is an "outstanding, hardworking man" with "perfect moral character[.]" [Dkt. No. 7] at Exh. 3. The federal respondents have filed an opposition. [Dkt. No. 9]. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

---

[3] A Notice to Appear is a "[c]harging document" that "initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13.

[4] The petition was amended to replace Respondent Jeffrey N. Dillman with Respondent Jeffrey Crawford. See [Dkt. No. 3] at 4, n.1.

3

II.

The central question posed in Maya Torres' Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). The federal respondents contend that Maya Torres' detention is governed by § 1225(b)(2). They maintain that whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." [Dkt. No. 9] at 6. According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Id. at 6-7. Therefore, they argue that because Maya Torres has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id. at 10.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as multiple district courts throughout the country have found,[5] is contrary to

---

[5] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025

DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and maintains and incorporates that reasoning into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond. Vargas Nunez v. Lyons, et al., 1:25-cv-1574-LMB-WEF, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons, et al., 1:25-cv-1583-LMB-IDD, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon, et al., 1:25-cv-1587-LMB-LRV, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released on a $1,500 bond); Perez Bibiano v. Lyons, et al., 1:25-cv-1590-LMB-WEF, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); Guerra Leon v. Noem, et al., 1:25-cv-1634-LMB-WEF, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); Melendez v. U.S. Immigr. & Customs Enf't, et al., 1:25-cv-1622-LMB-WBP, Dkt. No. 14 (E.D. Va. Oct. 28, 2025) (released on his own recognizance); Sanchez Saire v. Elliston, et al., 1:25-cv-1808-

---

WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

LMB-WBP, Dkt. No. 9 (E.D. Va. Nov. 4, 2024) (released on a $1,500 bond); <u>Ortiz Martinez v. Noem, et al.</u>, 1:25-cv-1816-LMB-WEF, Dkt. No. 16 (E.D. Va. Nov. 4, 2025) (released on a $5,000 bond); see also <u>Chaudhari v. Crawford, et al.</u>, 1:25-cv-1772-LMB-IDD, Dkt. No. 14 (E.D. Va. Oct. 27, 2025) (releasing a petitioner from ICE custody after this Court determined that he had already been released on bond pursuant to § 1226(a)). Moreover, DHS has chosen not to appeal the Immigration Judges' bond decisions.

Maya Torres has been present in the United States for over twenty years. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," <u>Jennings v. Rodriguez</u>, 583 U.S. 281, 303 (2018), Maya Torres' detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Maya Torres' continued detention is unlawful.

### III.

For all the reasons stated above, Maya Torres' Petition [Dkt. No. 3] is GRANTED, and it is hereby

ORDERED that Maya Torres be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge. Maya Torres must live at the fixed address identified in his Proposed Release Plan and appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

ORDERED that respondents provide Maya Torres with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Maya Torres on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Maya Torres is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[6]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Maya Torres has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Maya Torres' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, cancel the hearing scheduled for November 7, 2025, and close this civil action.

Entered this 6th day of November, 2025.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

[6] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.